FRANCIS H. DUFF, Respondent, *v.* THOMAS H. GARDNER Executor, &c., Appellant.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

One entered into a sealed contract for street repairs with a municipal corporation, then took a partner, with whom he performed the work in part and agreed to share the profits, but, before completing it, died, and his executor finished it.

*Held*, in an action by the surviving partner, that he could not recover at law for the moneys due on the contract or any part of them.

*Held*, further, the corporation having paid the money into court, and procured a substitution of the deceased partner's executor, as defendant, that the latter was entitled to judgment for the amount due.

And it seems the executor would be bound to fulfill the contract, on decease of the contractor, and entitled in equity to receive the price of work done after his testator's decease.

THIS was an appeal by the defendant, from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought by the plaintiff, claiming as the surviving partner of John F. Barrett, deceased, against the city of Brooklyn, to recover for work, labor and services rendered the city, under a contract made by it with Barrett, for the care and repairing of its streets. The city paid the money claimed into court, and obtained a substitution of the defendant Gardner as executor of Barrett, under section 122 of the Code.

It was found by the referee that on March 25, 1865, Barrett

entered into a contract of partnership with the plaintiff, and they agreed to co-operate with each other as partners in the work of repairing streets in Brooklyn, which Barrett had on the 15th of March, 1865, contracted with the city to perform ; also in the performance of job work for the city and for others, and they agreed to contribute equally toward expenses, and share equally the profit and loss of their business. In pursuance of their partnership agreement, the partners performed work under the contract of Barrett with the city, as therein provided for. Barrett died November 4, 1865, after performance of a part of the work, leaving a will, of which the defendant was appointed and qualified as executor. The executor finished the work. The plaintiff had judgment for the amount claimed in his complaint, being the full amount due from the city upon the contract and paid into court by the city.

*D. P. Barnard,* for the appellant.

*John H. Bergen,* for the respondent.

Present—BARNARD, P. J. ; GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. An action at law by the plaintiff upon the contract with the city will not lie. The contract was under seal, and was made with Barrett alone. The plaintiff was not named in it. Where such a contract is entered into with one partner, he alone can sue upon it. (Lindley on Part., 385 ; Coll. on Part., Perk. ed., § 652, *et seq.*) ; Story on Part., § 244; *Robson* v. *Drummond,* 2 Barn. & Adol., 303.)

Assuming, then, that there was a *bona fide* agreement of partnership between the plaintiff and Barrett (a fact which, to say the least, the evidence leaves in very great doubt), yet the contract with the city existed before the partnership, and the plaintiff can take no benefit from it except in the mode in which the contract was made. (*Lucas* v. *De la Cour,* 1

M. & S., 249.)  No act of the partners could have enabled them to maintain a joint suit at law against the city without the consent of the latter.  Consequently the plaintiff, as surviving partner, has no cause of action.  (See *Gould* v. *Gould*, 6 Wend., 265.)  The only person to whom the city was liable was Barrett.  The defendant has succeeded to his rights, and is legally entitled to the money brought into court.

No facts are stated in the complaint, nor was any evidence given upon the trial creating any right in equity to a recovery of any part of the money by the plaintiff.  Nor could the equitable remedy, if there be one, enable the plaintiff to receive more than his share of the money after deducting the advances made by the defendant.  The alleged partnership terminated at the death of Barrett.  The defendant, as executor of his estate, was legally bound to fulfill the contract, and is entitled, therefore, in the same capacity to payment for all work done after the death of Barrett.  It is not necessary, however, to consider the equitable rights of the parties, for this is an action at law, and not a suit in equity, and the case affords no means of determining those rights.

The judgment must be reversed and a new trial granted at circuit, costs to abide the event.

Judgment accordingly.